Y⁴ DESIGN, LTD., et al., Plaintiffs,

v.

REGENSTEINER PUBLISHING ENTERPRISES, INC., Defendant.

No. 76 Civ. 4725.

United States District Court,
S. D. New York.

March 25, 1977.

Engel & Hodys, New York City, for plaintiffs, by Paul N. Hodys, New York City.

Townley, Updike, Carter & Rodgers, New York City, for defendant, by James K. Leader, New York City, Robert G. Krupka, Ronald L. Engel, Kirkland & Ellis, Chicago, Ill., of counsel.

## MEMORANDUM

BONSAL, District Judge.

Defendant Regensteiner Publishing Enterprises, Inc. ("RPE") moves pursuant to Section 1404(a) of Title 28 of the United States Code for an order transferring this action to the United States District Court for the Northern District of Illinois.

Plaintiffs Y[4] Design, Ltd., a corporation organized and existing under the laws of the State of Michigan, and John and Margaret A. Yerian ("Yerians"), residents of the State of Michigan, filed a complaint in this Court on October 26, 1976 against RPE, a corporation organized and existing under the laws of the State of Illinois, alleging breach of contract by RPE, fraud in the making of a contract, unfair competition and copyright infringement. Specifically, the complaint alleges that plaintiffs and RPE entered into an agreement dated July 30, 1973 ("Agreement")[1] pursuant to which RPE published two series of children's books entitled "Creative Activities" and "Fun Time" from material created by plaintiffs. The first cause of action alleges that RPE fraudulently misrepresented that it had entered into agreements with Grolier Enterprises, Inc. and Parents Magazine to market plaintiffs' work by direct mail. The second cause of action alleges that RPE breached the July 1973 Agreement by failing to pay royalties on the sale of the "Fun Time" series, and the remaining causes of action allege unfair competition and copyright infringement. From the papers submitted it appears that the Agreement between the parties was negotiated in Chicago and Ann Arbor, Michigan and that the Agreement provides that the law of Illinois would govern the interpretation, validity and effect of the Agreement, regardless of its place of execution.[2]

Defendant RPE contends that the allegations of the complaint concern transactions and negotiations that occurred in the Northern District of Illinois so that the transfer of this case will prevent a waste of judicial time and energy and will protect the litigants, witnesses and the public against needless inconvenience and expense.

Section 1404(a) of Title 28 of the United States Code provides that:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The factors relevant to a determination of whether a transfer is warranted include the convenience to parties; the convenience of witnesses; the relative ease of

---

1. See Exhibit "A" attached to Complaint filed October 26, 1976.

2. See Paragraph 8 of Agreement between parties dated July 30, 1973.

access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interests of justice. *Schneider v. Sears*, 265 F.Supp. 257 (S.D.N.Y.1967); *Gallen v. Howard D. Johnson Co.*, 271 F.Supp. 680 (S.D.N.Y.1967); *Oil and Gas Ventures—First 1958 Fund, Ltd. v. Kung*, 250 F.Supp. 744, 754 (S.D.N.Y.1966); *cf. Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The party seeking the transfer must make a clear-cut showing that it is warranted and, generally speaking, unless the balance of conveniences weighs clearly in favor of the defendant, the plaintiff's choice of forum should not be disturbed. *S.E.C. v. Golconda Mining Co.*, 246 F.Supp. 54 (S.D.N.Y.1965); *Gallen v. Howard D. Johnson Co., supra.*

Here it appears undisputed that this case could have been brought in the United States District Court for the Northern District of Illinois. The complaint alleges diversity as well as federal question jurisdiction. *See* 28 U.S.C. §§ 1332, 1392; 17 U.S.C. §§ 101, 112; and 28 U.S.C. §§ 1336, 1400. Defendant RPE has its principal place of business and principal office in the Northern District of Illinois, so that the Court can acquire personal jurisdiction over RPE. In addition, venue is proper in the Northern District of Illinois since under 28 U.S.C. § 1391(c) a "corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business . . ." and RPE is incorporated in Illinois and has its principal place of business in Chicago, Illinois. Thus, the dispositive issue in this motion appears to be whether the convenience of the parties, the convenience of the witnesses, and the interests of justice would be best served by the transfer of the action. *See Schneider v. Sears, supra; Saminsky v. Occidental Petroleum Corp.*, 373 F.Supp. 257 (S.D.N.Y. 1974).

Defendant RPE contends that all the negotiations leading up to the July 1973 Agreement were conducted in the Northern District of Illinois and that all RPE employees and potential witnesses who have any knowledge of the negotiations reside within the Northern District of Illinois.[3] RPE also contends that the documents relating to the transactions with the plaintiffs are located at its general offices in Chicago, Illinois.

On the other hand, plaintiffs contend that RPE has a significant presence in New York, that the facts and circumstances surrounding the alleged fraud and breach of contract are intimately connected with New York, and that whatever market distribution plans and arrangements were discussed between RPE and Grolier Enterprises, Inc. and Parents Magazine occurred in New York. In essence, plaintiffs contend that their ability to compel the attendance of crucial witnesses would be seriously impaired by transfer of this action to the Northern District of Illinois.

It appears that all identified witnesses at this time are located in Illinois, except for the individual plaintiffs who reside in Michigan; that RPE maintains its principal office in Chicago; that the relevant documents are located in Illinois; and that sales of the books in issue were made from Chicago. While plaintiffs submit that the testimony of certain non-party witnesses and expert witnesses who reside in New York may be crucial to their case and that the availability of compulsory process and the convenience of the New York forum for these witnesses should be balanced against the inconvenience to defendant's witnesses of traveling to New York, the convenience of a party is a significant factor in the determination of a transfer motion. Here, defendant has clearly shown that trial in the Northern District of Illinois would be more convenient for it. Plaintiffs, on the other hand, have not demonstrated that trial in the Northern District of Illinois would be any more inconvenient than trial in the Southern District of New York. Furthermore, it does not appear that plaintiffs will be prejudiced if they rely on deposition testimony of the alleged non-party witness-

---

**3.** *See* Affidavit of Raymond Rourke dated November 17, 1976.

es, nor does it appear likely that plaintiffs will encounter difficulty in securing testimony from expert witnesses in Chicago. *See Herman v. Doug Frank Development Corp.*, 385 F.Supp. 767 (S.D.N.Y.1974); *Levine v. Financial Programs, Inc.*, 318 F.Supp. 952 (S.D.N.Y.1969).

 Plaintiffs' choice of forum, while still an important factor in the determination of a motion to transfer, is no longer given the overriding consideration it may have once enjoyed under the former doctrine of *forum non conveniens. Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *see Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392 (S.D.N.Y. 1975); 1 Moore's Federal Practice ¶ 0.145[5] at 1616–1618 (2d ed. 1976). Other factors are now given equal consideration especially when plaintiff brings suit outside his own home forum. *See Pesin v. Goldman, Sachs & Co., supra; Ross v. Tioga General Hospital*, 293 F.Supp. 209 (S.D.N.Y.1968).

Here, it is conceded that trial in the Northern District of Illinois will be more convenient for the defendant and that Illinois substantive law, with which the federal district court in the Northern District of Illinois is more familiar, will govern the issues of this lawsuit. Defendant RPE has identified specific witnesses for trial who all reside in Illinois.

While the plaintiffs may have to rely on deposition testimony of New York witnesses, the Court finds that for the convenience of the parties and identified witnesses, and in the interest of justice, the United States District Court for the Northern District of Illinois is the more appropriate forum for the trial of this case.

Accordingly, defendant's motion for an order transferring this case to the Northern District of Illinois is granted.

Settle order on notice.