**LEASING SERVICE CORP., Plaintiff,**

v.

**RICH INDUSTRIAL SUPPLY CORP., Defendant.**

**No. 78 Civ. 2134 (KTD).**

United States District Court,
S. D. New York.

Aug. 2, 1978.

Sol D. Bromberg, New York City, for plaintiff.

Tenzer, Greenblatt, Fallon & Kaplan, New York City, for defendant by Stacy L. Wallach, New York City, of counsel.

## OPINION & ORDER

KEVIN THOMAS DUFFY, District Judge.

This is an action brought by plaintiff Leasing Services Corporation to enforce its rights under an alleged assignment between plaintiff and defendant Rich Industrial Supply Corporation. Defendant has moved to dismiss the complaint on the grounds that service was legally insufficient and that, accordingly, this Court lacks personal jurisdiction over the defendant. In the alternative, defendant has moved, pursuant to 28 U.S.C. § 1404(a), to transfer venue to the United States District Court for the Western District of Virginia.

Defendant is a Virginia corporation engaged in the sale of well drilling equipment and related drilling and industrial mill materials and supplies. It is undisputed that it does no business in New York. In October 1976 it sought to sell certain equipment to D. J. Gentry, Sr. Well Works ("Gentry") and sought financing for Gentry through Credit Alliance Corporation an affiliate of the plaintiff. Negotiations with Credit Alliance apparently took place both in defendant's home town and in Des Plaines, Illinois where plaintiff has an office. According to defendant, the financing was accomplished by a direct sale of the equipment to Credit Alliance which was then to receive payments from Gentry. Defendant has annexed to its motion papers invoices which purport to represent this sale.

Plaintiff understands the arrangement somewhat differently. According to plaintiff, defendant was to lease the equipment to Gentry and then to assign the lease to plaintiff. In the event of default, plaintiff was to have recourse against defendant. Plaintiff and defendant, by their officers, signed an agreement reflecting this arrangement although defendant now states that its officers never read the contract and did not understand the bargain to be as it was presented therein.

On this motion, defendant urges me to find unconscionable as a matter of law that portion of the contract which designated for defendant a New York agent for service of process. Defendant claims that the provision is unreadable because of the small type and physical design of the document in which it is found. It does not appear to dispute that designation of agency contracts are *prima facie* valid. *National Equipment Rental v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964).[1] Rather, defendant urges that the contractual documents as a whole and the surrounding circumstances leading to their execution require a finding that in this case the designation clause is unconscionable. While I seriously question the tenability of this argument, I need not pass upon its merits since I believe the need for a change of venue has been well demonstrated.

Defendant seeks to transfer this action to the Western District of Virginia, claiming that such a transfer would be more convenient for the parties and witnesses as well as in the interest of justice. Defendant's business, officers and employers are all in that district. Additionally, the Gentrys, who purchased or leased the equipment in question, are located there, as is the former employee of defendant who negotiated the disputed agreement. These latter potential witnesses, according to defendant, are not subject to compulsory process in New York, and it is feared, particularly as regards the Gentrys, that they may be unwilling to make themselves available voluntarily.

Defendant also asserts that it intends to challenge the commercial reasonableness of the public sale of the equipment held by plaintiff following the Gentry's default. All the equipment and potential buyers of this equipment are located in Virginia and, according to defendant, assessing the reasonableness of the sale will be easier for a Virginia court which would have readier access to the necessary proof. Finally, defendant urges that the relative burden on and backlog of the courts makes the Western District of Virginia a preferable forum.

---

1. Plaintiff does make an unsupported suggestion that *Szukent* would be decided differently today. This is obviously insufficient grounds for me to question the Supreme Court's ruling.

 Plaintiff urges, in opposition to the motion to transfer, that the motion is premature and should be denied without prejudice to its renewal after defendant's answer is filed. I see little to be gained by following this suggestion. In the first place, it is sound practice to make a transfer motion at an early time, and undue delay is not encouraged. *See* 1 Moore's Federal Practice ¶ .145[4.–3] at p. 1599. Moreover, defendant has already indicated the factual disputes it has with plaintiff, as well as a number of witnesses whom it intends to call. On the other hand, plaintiff has named no New York witnesses and, indeed, the only connection this case has with New York is the location here of plaintiff's records which are not alleged to be so voluminous as to prohibit their transportation. While it is true that plaintiff has retained New York counsel, the convenience of attorneys is not entitled to great weight. *See generally, Haase v. Mallenkrodt, Inc.,* 415 F.Supp. 889 (S.D.N.Y.1976).

In weighing all the factors in favor of transfer, I must conclude that the interest of justice will be served by such a move. *See generally, Y4 Design, Ltd. v. Regensteiner Publishing Enterprises,* 428 F.Supp. 1067 (S.D.N.Y.1977). Not only are the bulk of the witnesses located in West Virginia, but defendant's business will apparently be sorely disrupted if the trial were to proceed in New York. By contrast, a trial in West Virginia will undoubtedly enable defendant's executives to carry on their activities without a dramatic disruption. *See United States v. General Motor Corp.,* 183 F.Supp. 858 (S.D.N.Y.1960). Additionally, the relative calendar conditions of the two courts contribute to the appropriateness of transfer. *See Xerox Corporation v. Litton Industries,* 353 F.Supp. 412, 416 (S.D.N.Y. 1973).

Accordingly, defendant's motion for an order transferring this case to the Western District of Virginia is granted. In accordance with Rule 7 of the General Rules of this Court the Clerk is directed upon the expiration of five days to mail to the Court to which the case is transferred (i) certified copies of all docket entries in this case as well as a certified copy of this opinion and order, and (ii) the originals of all other papers on file in the case.

IT IS SO ORDERED.