**BANKERS TRUST COMPANY, Plaintiff,**

v.

**SANTOS O. SUAREZ V., American Forwarding Corporation, Gambize Schardar, Intercontinental Bank and John Does "1–4", Defendants.**

**No. 81 Civ. 5144–CLB.**

United States District Court,
S. D. New York.

Dec. 1, 1981.

Charles Leeds and Jack H. Weiner, New York City, for plaintiff.

Wilkie, Farr & Ghallager, New York City (Brian E. O'Connor, New York City, of counsel), for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

In this diversity action between a New York bank and several Florida residents, both individuals and corporations, one defendant has moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the action to the United States District Court for the Southern District of Florida. As discussed below, both motions are hereby denied.

Plaintiff Bankers Trust Company ("Bankers Trust"), a New York corporation, commenced this action to recover payment made by mistake of a check which was altered. The complaint alleges that a Venezuelan bank which maintains an account with Bankers Trust issued a check on that account payable to Santos O. Suarez V., a citizen of Venezuela residing in Florida, for U.S. $18.75. When the check was presented for payment at Bankers Trust it read $187,-500.00 and was paid in that amount. Bankers Trust now seeks recovery for its payment of the altered check, against all parties who endorsed the check. Defendant Intercontinental Bank ("Intercontinental"), a Florida bank, received the check in Florida for deposit and collection from its customer, defendant American Forwarding Corp.

■ Intercontinental endorsed the check, forwarded it for collection through its agent Citizens and Southern Bank, intending that its agent would cause the check to enter normal banking channels for collection, resulting in presentation for payment in New York. This purposeful and foresee-able activity of the agent in New York is sufficient to subject the principal to personal jurisdiction in New York for an action arising out of the activity of the agent. This Court has jurisdiction over defendant Intercontinental under New York C.P.L.R. § 302(a)(1). This transaction was intended to and did have "a direct 'effect' in New York", Weinstein, Korn & Miller, *N.Y. Civil Practice* ¶ 302.11a, in that Intercontinental's actions through its agent caused the check to be paid in New York by plaintiff. By presenting the check for collection from Bankers Trust, a New York bank, Intercontinental has "purposely avail[ed] itself of the privilege of conducting activities" in New York, *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958), so as to render itself liable to personal jurisdiction in New York in a suit arising out of those activities. See *Chemical Bank v. Major Realty Corp.*, 439 F.Supp. 181, 183 (S.D.N.Y.1977); *Mendelson v. Fleischmann*, 386 F.Supp. 436 (S.D.N.Y.1973).

■ Intercontinental urges, alternatively, that in the event that this Court concludes that it may exercise personal jurisdiction over Intercontinental, the action should be transferred to the Southern District of Florida in the interests of justice because the parties, witnesses and documents are located in that area. In seeking such a change of venue, Intercontinental claims that it, as well as all of the other defendants, are either citizens or residents of Florida; the necessary witnesses reside in Florida; and the relevant documents are located in Florida. Bankers Trust responds that the transaction which is the subject matter of this action, the payment of the check, took place in New York; many of its witnesses are located in New York; and many of the documents relevant to its case are in New York. Bankers Trust is willing to pursue discovery wherever it is most appropriate: New York, Florida or Venezuela. Furthermore, Bankers Trust claims that New York law should be applied in this action.

After considering the claims of Bankers Trust and Intercontinental, this Court finds

that neither party has established the requisite "combination and weight of factors" necessary to tip the balancing test in its favor. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946). Accordingly, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.*

The motion is denied.

So Ordered.