**RICHARDSON GREENSHIELDS SECURITIES, INC., Plaintiff,**

v.

**Nathan METZ, Defendant.**

**No. 82 Civ. 8500 (RWS).**

United States District Court,
S.D. New York.

June 2, 1983.

Morgan, Lewis & Bockius, New York City, for plaintiff; John Linsenmeyer, Terri L. Weiss, New York City, of counsel.

Schoen & Getlan, New York City, for defendant; William Z. Shulman, New York City, of counsel.

## OPINION

SWEET, District Judge.

Defendant Nathan Metz ("Metz") has moved pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss the complaint of plaintiff Richardson Greenshields Securities, Inc. ("RGST") or, in the alternative, to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Columbia. For the reasons stated below, the motion will be denied.

This is an action to recover for deficits incurred by Metz in his commodity futures trading account with RGSI. Metz, who is a Maryland resident, opened the account on May 6, 1982 at RGSI's Washington, D.C. office. At that time he signed a Customer's Agreement that contained the following provisions:

> 5. The undersigned shall pay you (i) brokerage and commission charges at rates from time to time agreed upon, (ii) the amount of any loss resulting from such transaction in the undersigned's account(s), and (iii) the interests and service charges on any deficit balance in any account of the undersigned at the rates customarily charged by you, together with your costs and attorney's fees incurred in correcting any such deficit.
>
> *    *    *    *    *    *
>
> 23. This Agreement shall be governed by, and construed and enforced in accordance with, the Laws of the State of New York.
>
> 24. Any action or proceeding arising directly, indirectly or otherwise from this Agreement or transactions relating hereto, shall be held within the State of New York. The undersigned hereby consents and submits to such venue within the State of New York.

RGSI alleges that Metz traded heavily in commodity futures and by October, 1982 had accrued deficits in his account totalling $103,933.20. RGSI commenced this action on December 20, 1982 to collect this amount pursuant to the Customer's Agreement.

Metz contends that because he is not a New York domiciliary this court lacks

personal jurisdiction over him. However, he cannot escape the effect of the contractual forum-selection clause contained in the Customer's Agreement. Such clauses are prima facie valid and will be upheld absent a showing that they result from fraud or overreaching, that they are unreasonable or unfair, or that enforcement would contravene a strong public policy of the forum. *See Bense v. Interstate Battery System of America, Inc.*, 683 F.2d 718, 721–22 (2d Cir. 1982); *City of New York v. Pullman, Inc.*, 477 F.Supp. 438, 441 n. 10 (S.D.N.Y.1979); *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.*, 466 F.Supp. 71, 73–74 (S.D.N.Y. 1978). In short, these clauses are enforceable unless they suffer from some sort of contract invalidity or unless they are unreasonable. *See Gaskin v. Stumm Handel GmbH*, 390 F.Supp. 361, 365 (S.D.N.Y.1975).

■ Metz has not shown that the relevant clause in the Customer's Agreement is unenforceable due to any form of contract invalidity. He states that he had no opportunity to discuss or negotiate the terms of the Agreement and that no one explained the terms to him, but this does not rise to the level of fraud, overreaching, or unconscionability. *See id.* at 366. *See generally* J. Calamari & J. Perillo, *The Law of Contracts* §§ 9–40 (unconscionability), 9–41 to –46 (duty to read) (2d ed. 1977).

■ As for the reasonableness of the clause, Metz has not met his considerable burden of showing that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *See Full-Sight Contact Lens Corp. v. Soft Lenses, Inc., supra*, 466 F.Supp. at 73. Metz claims that he will be inconvenienced by having to defend this action here because he resides in Maryland. This inconvenience is rather slight, however, given the proximity of Maryland and New York and is insufficient by itself. *See id.* Metz also argues that his witnesses are located in the Washington vicinity, but he has not revealed who these individuals are

or what the substance of their testimony will be. *Cf. Kreisner v. Hilton Hotel Corp.*, 468 F.Supp. 176, 178 (E.D.N.Y.1979). In addition, this forum has a reasonable relationship to this dispute—Metz's trades were executed on New York exchanges and he received bills and other correspondence from RGSI that were mailed from New York. Finally, this court can perceive of no public policy that would be contravened if the clause is enforced. *See Gaskin v. Stumm Handel GmbH*, 390 F.Supp. 361, 364 (S.D.N.Y.1975).

The case of *Merrill Lynch, Pierce, Fenner & Smith v. Lecopulos*, 553 F.2d 842 (2d Cir.1977), is particularly persuasive on the issue of the enforceability of the forum selection clause. The defendant Lecopulos had opened a commodity account with Merrill Lynch through its London office in which he agreed to resolve disputes by arbitration in New York. He traded in the account, never dealing directly with New York, and eventually incurred a deficit in his account of $105,846.01. Merrill Lynch sued in New York State court. Lecopulos removed the action to federal court and then moved to dismiss for lack of personal jurisdiction. The Court of Appeals held that dismissal was improper because the arbitration clause constituted consent to personal jurisdiction in New York. Thus, despite the fact that Lecopulos was an individual residing in a foreign country who transacted business only through the plaintiff's foreign office, jurisdiction was upheld. The facts of this case compel the same conclusion.

■ Metz also claims that the clause is ambiguous and therefore unenforceable because it refers only to venue and not to jurisdiction. A waiver of objection to venue would be meaningless, however, if it did not also contemplate a concomitant waiver of objection to personal jurisdiction. *Cf. Merrill Lynch, Pierce, Fenner & Smith v. Lecopulos, supra*, 553 F.2d at 844 (agreement to arbitrate disputes in New York constitutes consent to personal jurisdiction of New York court in suit to compel arbitration).

**134**

█ Metz seeks in the alternative to have this action transferred to the District of Columbia pursuant to 28 U.S.C. § 1404(a). The relevant factors for consideration are: the convenience of the parties and witnesses; the relative ease of access to sources of proof; the availability of process to compel the presence of unwilling witnesses; the practical problems indicating that the case can be tried more expeditiously and inexpensively elsewhere; and the interests of justice. *See Y4 Design, Ltd. v. Regensteiner Publishing Enterprises,* 428 F.Supp. 1067, 1068–69 (S.D.N.Y.1977); *Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967). The burden of establishing that these factors weigh in favor of transfer is on the moving party, *PI, Inc. v. Valcour Imprinted Papers,* 465 F.Supp. 1218, 1223 (S.D.N.Y.1979), and the plaintiff's choice of forum will not be disturbed unless the movant shows that the balance of convenience and justice weighs heavily in favor of transfer, *Security Nat'l Bank v. Republic Nat'l Life Ins. Co.,* 364 F.Supp. 585, 589 (S.D.N.Y.1973).

█ As discussed above, the forum-selection clause is determinative as to the convenience of the parties, *see Full-Sight Contact Lens Corp. v. Soft Lenses, Inc., supra,* 466 F.Supp. at 74, and as for the convenience of witnesses, no showing has been made as to who will be called or what their testimony might be, *see Kreisner v. Hilton Hotel Corp., supra,* 468 F.Supp. at 178. No showing has been made as to other relevant factors and, therefore, the motion to transfer will be denied.

For the reasons stated above, Metz's motion is denied. The parties are directed to complete discovery by August 1, 1983 and submit a joint proposed pretrial order by August 8, 1983.

IT IS SO ORDERED.