**GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff,**

v.

**Leon H. TOUPS, Laterr Broadcasting Corporation and Buquet Distributing Co., Inc., Defendants.**

**No. 85 Civ. 1740 (RWS).**

United States District Court, S.D. New York.

Aug. 12, 1985.

Haight, Gardner, Poor & Havens, New York City, for plaintiff; Richard L. Jarashow, Geoffrey D. Ferrer, of counsel.

Lewis & McKenna, New York City, for defendants; Geoffrey McC. Johnson, of counsel.

SWEET, District Judge.

Defendants Leon H. Toups ("Toups"), Laterr Broadcasting Corporation ("LBC") and Buquet Distributing Co., Inc. ("Buquet") have moved under Rule 12(b)(2) to dismiss this diversity action on the grounds of lack of personal jurisdiction, *forum non conveniens*, insufficiency of service and alternatively to transfer the action to the Eastern District of Louisiana. The action has been brought by plaintiff General Electric Credit Corporation ("GECC") on personal and corporate guarantees and on certain assumption agreements. For the reasons set forth below the motions are denied in part and granted in part.

GECC is a New York corporation which on October 28, 1983 entered into a Loan Agreement (the "Loan Agreement") with Delta Transload, Inc. ("Delta"). Between November 11 and 14, 1983 a personal guarantee of the Loan Agreement in the amount of $350,000.00 was executed by Toups (the "Personal Guarantor"), a Corporate Guarantee of the Loan (the "Corporate Guarantee") in the amount of $400,000.00 by LBC and Buquet and Assumption Agreements by LBC and Buquet in the amounts of $200,000.00 and $400,000.00 respectively (the "Assumption Agreements").

The Loan Agreement contained the following provisions in Section 5.05:

The Borrower hereby irrevocably agrees that GECC may bring suit against the Borrower with respect to any or all of the Fundamental Agreements for so long as any are in effect or the Note is unpaid, in any court sitting in the State of New York, United States of America and the Borrower hereby irrevocably submits to the jurisdiction of such courts. Summons or other legal process, or both, in such suit may be served on either and the borrower hereby agrees to appoint as its agent for service of process CT Corporation System, 1633 Broadway, New York, New York, (or any such other person in the City of New York as may be designated in writing by the Borrower to GECC). The Borrower agrees to maintain an agent for service of process in the City of New York at all times during the term of this Agreement. The Borrower will furnish GECC with letters of such person accepting such appointment. Final judgment in any such suit shall be conclusive and may be enforced in any jurisdiction within or without the United States of America, by suit on the judgment, a certified or exemplified copy of which shall be conclusive evidence of such liability. Nothing herein precludes bringing any legal action in any other jurisdiction where the Borrower or any of its assets are located.

The Personal Guarantee contained the following provision:

Any legal action or proceeding against the Guarantor with respect to this Guarantee or the obligations guaranteed hereby may be brought in the courts of the State of New York, the U.S. Federal courts in such state, or in the courts of any other jurisdiction where such action or proceeding may be properly brought, and the Guarantor hereby irrevocably accepts the jurisdiction of such courts for the purpose of any action or proceeding. The Guarantor hereby further irrevocably consents to service of process out of said courts by the mailing thereof by GECC by U.S. registered or certified

mail postage prepaid to the undersigned at the address indicated below.

Any legal action or proceeding against the Corporate Guarantors or either of them with respect to this Guarantee or the obligations guaranteed hereby may be brought in the courts of the State of New York, the U.S. Federal Courts in such State, or in the courts of any other jurisdiction where such action or proceeding may be properly brought, and the Corporate Guarantors hereby irrevocably accept the jurisdiction of such courts for the purpose of any action or proceeding. The Corporate Guarantors hereby irrevocably consent to the service of process out of said courts by the mailing thereof by GECC by U.S. registered or certified mail postage prepaid to the undersigned at the address indicated below.

The Corporate Guarantees state as follows: The Corporate Guarantors hereby irrevocably agree that GECC may bring suit against them or either of them for so long as any of the Fundamental Agreements are in effect or the Note is unpaid, in any court sitting in the State of New York, United States of America, and each of the Corporate Guarantors hereby irrevocably submits to the jurisdiction of such courts. Summons or other legal process, or both, in such suit may be served on either, and each of the Corporate Guarantors hereby agrees to appoint as its agent for service of process CT Corporation System, 1633 Broadway, New York, New York, (or any such other person in the City of New York as may be designated in writing by the Corporate Guarantors to GECC). Each of the Corporate Guarantors agrees to maintain an agent for service of process in the City of New York at all times during the term of this Guarantee. Each of the Corporate Guarantors will furnish GECC with letters of such person accepting such appointment. Final judgment in any such suit shall be conclusive and may be enforced in any jurisdiction within or without the United States of American, by suit on the judgment, a certified or exemplified copy of which shall be conclusive evidence of such liability. Nothing herein precludes bringing any legal action in any other jurisdiction where either of the Corporate Guarantors or any of their respective assets are located.

As set forth above, Toups entered into a Personal Guarantee consenting to New York jurisdiction and similar provisions were contained in the Corporate Guarantees. However, the Assumption Agreements which assumed a portion of the debt under the Loan Agreement, contained no such consent. Further, although the Assumption Agreements referred to certain terms and conditions of the Loan Agreement, there was no reference to Section 5.05 containing the Delta consent to a New York action.

Courts have consistently held that forum selection clauses are *prima facie* valid and absent a showing that they result from fraud or overreaching, that they are unreasonable or unfair, or that enforcement would contravene a strong public policy of the forum, they will be upheld. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972); *Bense v. Interstate Battery System of America*, 683 F.2d 718, 721–22 (2d Cir.1982); *Richardson Greenshields Securities, Inc. v. Metz*, 566 F.Supp. 131, 133 (S.D.N.Y.1983). "In short, these clauses are enforceable unless they suffer from some sort of contract invalidity or unless they are unreasonable." *Richardson Greenshields Securities, Inc. v. Metz, supra*, at 133; *see also Leasing Service Corporation v. Gary A. Beller*, 84 Civ. 1239 (S.D.N.Y. Jan. 11, 1985) (Stewart, J.); *Leasing Service Corporation v. Energy Construction Co., Inc.*, and *Stamper Collins*, 80 Civ. 2653 (S.D.N.Y. Dec. 3, 1980) (Sand, J.) [Available on WESTLAW, DCTU database]. There has been no showing of fraud or overreaching in connection with the consent clauses.

However, the third and fourth causes of action against LBC and Buquet are based on the Assumption Agreements which, unlike the Loan Agreement and the Corporate

Guarantees, do not contain written consent to New York jurisdiction nor do they incorporate, by reference to the Loan Agreement or Guarantees, consent to New York jurisdiction. Nonetheless, GECC argues that LBC and Buquet entered into the Assumption Agreements in consideration of the terms and conditions of the Loan Agreement and, therefore, because LBC and Buquet assumed the primary obligation which is contained in the Loan Agreement, they must have contemplated being sued in New York in the event that they defaulted on the obligations. Further, GECC contends that, in any event, the consents to personal jurisdiction which are contained in the Corporate Guarantees are sufficient to establish jurisdiction over LBC and Buquet since the Guarantees state that the Guarantors will submit to this court's jurisdiction with respect to the Guarantee and the obligations which are guaranteed. Since the Assumption Agreements assume a portion of the debt created by the Loan Agreement, the Corporate Guarantees also guarantee the obligations under the Assumption Agreements. Thus, GECC argues that LBC and Buquet have in fact consented to the jurisdiction of this court.

 GECC's argument is not convincing. Both the Loan Agreement and the Corporate Guarantees contain clear, written consents to jurisdiction in New York. As GECC concedes, there are no written consents to jurisdiction in New York in the Assumption Agreements and no consents have been incorporated into the Assumption Agreements. Further, the Assumption Agreements do refer to other terms and conditions which are contained in the Loan Agreement. There has been no clear showing that LBC and Buquet consented to personal jurisdiction in New York.

In the absence of consent to New York jurisdiction in the Assumption Agreements, I must consider whether, under the New York long-arm statute, the facts presented establish a sufficient basis to support personal jurisdiction over LBC and Buquet for the third and fourth causes. New York Civil Practice Law and Rules § 302 pro-

vides that a person who is not domiciled or who is not doing business in New York may be subject to jurisdiction in New York upon a showing that the person has taken certain actions which sufficiently impact upon the forum state and give rise to the cause of action. N.Y.Civ.Prac.L. § 302(a)(1) (McKinney Sup.1984–85). The exercise of jurisdiction under § 302 must also comport with the requirements of due process. Due process is satisfied when the non-domiciliary has had "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiff has the burden of presenting sufficient facts to permit a finding that there have been at least "minimum contacts" between the defendant and the forum state. *Beacon Enterprises v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983), and the court must determine, in a case by case basis, whether sufficient facts have been presented to permit the court to exercise personal jurisdiction. *Kulko v. Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978).

Here, GECC has relied on its argument that personal jurisdiction over LBC and Buquet has been established by consent and states that it is not necessary to supply an independent basis of jurisdiction under the New York long-arm statute. Indeed, GECC has presented no evidence which would permit a finding that personal jurisdiction has been established over LBC and Buquet in connection with the Assumption Agreements which underlie the third and fourth causes. Thus, in the absence of consent to jurisdiction and an independent basis on which to establish personal jurisdiction over LBC and Buquet, the third and fourth causes must be dismissed.

 Defendants have also sought dismissal on grounds of *forum non conveniens* or alternatively, transfer to the Eastern District of Louisiana under § 1404(a), Title 28. There is no showing that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his

day in court." *The Bremen v. Zapata Off-Shore Co., supra,* 407 U.S. at 18, 92 S.Ct. at 1917. *See also Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 280 (9th Cir.1984); *Richardson Greenshields Securities, Inc. v. Metz, supra,* at 133. Buquet claims that he will be inconvenienced and suffer financial hardship as a result of having to come to New York to defend this action. Even if this were supported by more than his summary assertion, this is what the parties bargained for. In *Visicorp v. Software Arts, Inc.,* 575 F.Supp. 1528, 1532 (N.D.Cal. 1983), the Court when faced with the validity of a forum selection clause held:

> that matters of convenience should not be considered in determining whether to enforce the forum selection clause. The Bremen is again instructive:
>
> > Of course, where it can be said with reasonable assurance that at the time they entered into the contract, the parties to a freely negotiated private ... commercial agreement contemplated the claimed inconvenience, it is difficult to see why such claim of inconvenience should be heard to under the forum selection clause unenforceable ...
>
> 407 U.S. at 16, 92 S.Ct. at 1916.

*See also Anastasi Bros. Corp. v. St. Paul Fire and Marine Ins. Co.,* 519 F.Supp. 862 (E.D.Pa.1981); *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71 (S.D.N.Y.1978).

Defendants also claim that four witnesses reside in Louisiana, some of whom possibly would not be subject to the subpoena power of the court. However, defendants do not identify any unwilling witnesses and do not suggest how they would be inconvenienced or prejudiced by relying on deposition testimony of any such non-party witnesses. *See Kreisner v. Hilton Hotel Corp.,* 468 F.Supp. 176, 178 (E.D.N.Y.1979); *Y4 Design, Ltd. v. Regensteiner Pub. Enterprises,* 428 F.Supp. 1067, 1069 (S.D.N.Y. 1977). GECC has non-party witnesses in New York who might be called upon to testify depending on the nature of any testimony offered by defendants. Moreover, this case does not presently appear to be of such complexity that numerous witnesses and documents would be required for a complete adjudication. The remainder of the issues, involving proof of a default under the Loan Agreement and collection under the Guarantees and Assumption Agreements, is virtually documentary.

No public policy has been advanced that would be contravened if the forum selection clause is enforced. *See Richardson Greenshields Securities, Inc. v. Metz, supra.* In fact, by enforcing the clause, this court would encourage the policy of requiring parties to freely negotiate contracts to live up to their terms. It is well established that the plaintiff's choice of forum will not be disturbed unless the movant shows that the balance of convenience and notice weighs heavily in favor of transfer. *Manu International S.A. v. Avon Products, Inc.,* 641 F.2d 62 (2nd Cir.1981); *Richardson Greenshields Securities, Inc. v. Metz, supra,* at 134.

In considering whether to transfer an action pursuant to § 1404(a) the court must consider the convenience of the parties; the convenience to witnesses; the availability of process to compel the presence of unwilling witnesses; the cost of obtaining the presence of witnesses; the relative ease of access to sources of proof; practical problems that make trial of a case easy, expeditious, and inexpensive; and the interests of justice. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Richardson Greenshields Securities, Inc. v. Metz, supra; Y4 Design, Ltd. v. Regensteiner Pub. Enterprises, supra.* "The party seeking the transfer must make a clear-cut showing that it is warranted and generally speaking, unless the balance of conveniences weighs clearly in favor of the defendant, the plaintiff's choice of forum should not be disturbed." *Y4 Design, Ltd.,* 428 F.Supp. 1069.

The forum selection clauses contained in the Guarantees and the Loan Agreement are determinative as to the convenience of the parties. *Richardson Greenshields Se-*

**16**

*curities, Inc. v. Metz, supra.* As to the convenience to witnesses, four potential witnesses are listed on behalf of the defendants that reside in Louisiana. GECC on the other hand has stated that Nancy K. Callahan, a resident of New York, is a potential witness. The listing of a greater number of witnesses by defendant, however, should not be determinative when it has not been shown that the defendant would be prejudiced by having to rely on deposition testimony. *See Kreisner v. Hilton Hotel Corp., supra,* at 178; *Y4 Design Ltd. v. Regensteiner Pub. Enterprises, supra,* at 1069–1070. This may well be a case for documentary summary judgment.

When viewed in terms of the interests of justice and judicial economy, retention of this action by this court is warranted. The Loan Agreement, Personal Guarantee, and the Corporate Guarantee all provide that New York law governs the controversy. Should the action be transferred to Louisiana, the District Court there would be bound to apply New York law, the law of the forum that plaintiff originally bargained for. The District Court sitting in New York is obviously more familiar with New York law. The argument that this action should be heard in Louisiana together with a claim for indemnification against the bankrupt, is overborne by the consents which sought to avoid just such a result.

Since this action is in its initial stages, it is conceivable that additional facts may develop with respect to the factors affecting a transfer. At this stage, the record fails to establish that the interests of justice require such a transfer. Leave is granted, however, to renew the motion which is denied at this time in the event that additional facts are presented.

IT IS SO ORDERED.