**ACTMEDIA, INC., Plaintiff,**

v.

**Robert J. FERRANTE and Marketplace Communications Corp., Defendants.**

**No. 85 Civ. 6946 (RLC).**

United States District Court, S.D. New York.

Oct. 17, 1985.

---

Bachner, Tally, Polevoy, Misher & Brinberg, and Ostrolenk, Faber, Gerb & Soffen, New York City (Stanley H. Lieberstein, of counsel), for plaintiff.

Kaye, Scholer, Fierman, Hays & Handler, New York City, (Thomas A. Smart and Jo Davis, of counsel), and Stoel, Rives, Boley, Fraser & Wyse, Portland, Or. (Stephen S. Walters and Randolph C. Foster, of counsel), for defendants.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff, Actmedia, Inc., ("Actmedia") and defendant, Marketplace Communications Corp., ("Marketplace") are corporate entities engaged in the business of providing in-store and display advertising in retail supermarkets. Plaintiff is a Delaware corporation, with its principal place of business located at Westhampton Beach, New York. Defendant is an Oregon corporation, with its principal place of business located in Tigard, Oregon. Defendant,

Robert J. Ferrante, is a former employee of plaintiff who now works for Marketplace seeking to solicit business in New York.

Plaintiff initially brought suit in the New York Supreme Court, New York County. It claimed that Ferrante disclosed to Marketplace Actmedia's concept, called Shelfvision, which had been developed in 1983, and solicited plaintiff's clients; that Marketplace developed its own Shelfvision as a result of its business relationship with Ferrante; and that Marketplace caused Ferrante to violate the duties he owed plaintiff. Plaintiff also charged that a brochure prepared by Marketplace concerning Shelfvision contained false statements and that defendants were engaged in unfair competition against plaintiff.

Defendant removed the case to this court. After removal plaintiff filed an amended complaint. The principal thrust of plaintiff's claims are now trademark infringement claims under the Lanham Act asserting that its registered trademark, Aislevision, was being infringed by defendants' Shelfvision. Plaintiff was granted a temporary restraining order.

By order to show cause defendant was granted a hearing on its motion to reconsider the grant of the temporary restraining order and its motion to transfer the action to Oregon.

Plaintiff is a large organization which has apparently cornered the market of in-store and display supermarket advertising. It has been in the business since 1972. It operates on a national scale. Marketplace is new to the field, and is attempting to compete in the market. It has only six employees, including Ferrante: four in Oregon, one in California and Ferrante. Thus far its business has been almost entirely on the west coast, although it has an agent in New York, and through the agent and Ferrante it is seeking to expand beyond its Oregon-California beginnings. In any event, the activities about which plaintiff complains have occurred outside this district. The agreement between Safeway, Inc. and Marketplace was negotiated in

California. Shelfvision, which plaintiff claims to be the infringing product, is manufactured in Seattle, Washington, and all Shelfvision advertising is developed, produced and distributed from Oregon. Marketplace has not sold any Shelfvision units in New York and has not entered a contract to sell any units in New York.

■ A motion to transfer pursuant to 28 U.S.C. § 1404(a) is addressed to the court's discretion, *Wyndham Associates v. Bintliff,* 398 F.2d 614, 621 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968); *ICC Handels, A.G. v. S.S. Seabird,* 544 F.Supp. 58 (S.D.N.Y.1982) (Duffy, J.), and the motion's fate is based on an evaluation of the convenience of the parties and the interest of justice. *Y⁴ Design Ltd. v. Regensteiner Publishing Enterprises, Inc.,* 428 F.Supp. 1067, 1068–69 (S.D.N.Y. 1977) (Bonsal, J.), citing *Schneider v. Sears,* 265 F.Supp. 257 (S.D.N.Y.1967) (Weinfeld, J.).

Plaintiff's claims did not arise in New York. The action could have been brought in the District of Oregon where the corporate defendant's principal place of business is located. Defendant, Ferrante, an employee of the corporate defendant, has consented to the transfer to Oregon. Venue as to the trademark infringement claims is appropriate in the district in which all the defendants reside or in which the claims arose. All activity in reference to these claims took place in Oregon, where defendant conceptualized and developed the mark Shelfvision and took steps to market the product.

The corporate defendant would be greatly inconvenienced and its business would be seriously disrupted in having to defend a suit here in New York. Oregon would provide by far a more convenient forum for the defendants in terms of witnesses—4 of its 6 employees are in Oregon and a fifth, Ferrante, has consented to transfer to Oregon—and records. Plaintiff is an established organization, operating nationwide. While the necessity of defending this litigation in New York could bring ruin to defendant, no such consequence would occur to plaintiff if required to litigate in Oregon.

■ Ordinarily the plaintiff's choice of forum is entitled to deference and will not readily be disturbed, *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Indeed, the rule in this circuit is that plaintiff's choice will not be disturbed unless the movant shows that both the balance of convenience and justice weighs heavily in favor of the transfer. *Richardson Greenshields Securities, Inc. v. Metz,* 566 F.Supp. 131, 134 (S.D.N.Y. 1983) (Sweet, J.); *Bankers Trust Co. v. Santos Suarez,* 526 F.Supp. 1262, 1264 (S.D.N.Y.1981) (Brieant, J.). Defendant has met that burden. The sole factor in plaintiff's favor is that its choice should prevail. However, since plaintiff did not choose this forum but had its case removed to this court, the rationale behind those cases placing emphasis on plaintiff's choice becomes inapposite.

It would be both unfair and unjust to require the corporate defendant, a small start up operation, to defend a suit here concerning acts which took place some 3,000 miles away. Indeed, in such circumstances, even if plaintiff's case had no merit, it would succeed if through the expense and disruption of litigating in this district Marketplace were eliminated as a viable competitor. Accordingly, for the convenience of the witnesses and in the interest of justice, the case is transferred to the District of Oregon.

The temporary restraining order is dissolved and the security posted by plaintiff is released.

IT IS SO ORDERED.