OPINION OF THE COURT
Stephen G. Crane, J.
This is an action by plaintiff Citibank, N. A. (Citibank) to recover payment made on a check with an alleged forged endorsement which was presented to defendant Intercontinental Bank (Intercontinental) in Florida and subsequently routed to Citibank in New York for collection. Intercontinental moves, pursuant to CPLR 3211 (a) (8), for an order dismissing the complaint for lack of personal jurisdiction.
The facts in this case are not in dispute. Citibank is a Federally chartered bank with its principal place of business in New York. Intercontinental is a Florida bank which does not maintain any offices or own any rea1 property in New York and does not solicit business in New York.
On or about September 20, 1994, Zurich Insurance Company (Zurich) issued a check payable to "La Buenos Aires Cia de Seguros” in the amount of $42,813. The check was drawn on an account maintained by Zurich with Citibank’s New York branch. On or about October 11, 1994, the check was presented to an Intercontinental branch in Florida. Intercontinental then forwarded the check for collection to the Federal Reserve Bank in Miami, Florida. The Miami Federal Reserve Bank then forwarded the check to the Federal Reserve Bank in New York City. On or about October 12, 1994, the check was presented to Citibank in New York for payment. Citibank accepted the check, and Zurich’s account was debited in the amount of $42,813. Citibank now asserts causes of action against Intercontinental predicated on the alleged breach of certain warranties arising under the Uniform Commercial Code in the presentation of a forged instrument for payment.
The issue here is whether a nonresident bank, which has no other contacts with New York, subjects itself to jurisdiction in New York by placing a check into the usual banking channels for collection where the check is eventually paid by a New York bank. This issue is apparently one of first impression in New York as the parties have not cited, and the court is not aware of, any New York cases addressing this question previously. However, this issue has been addressed in several other forums.
*344 Citibank asserts that Intercontinental is subject to jurisdiction under New York’s long-arm statute, specifically, CPLR 302 (a)- (1), which provides that a court may exercise personal jurisdiction over a nondomiciliary who in person or through an agent transacts any business within the State or contracts anywhere to supply goods or services in the State. Generally, in order to exercise jurisdiction over a nondomiciliary, due process requires that there be sufficient minimum contacts between the nondomiciliary and the forum State such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. (International Shoe Co. v Washington, 326 US 310.) Thus, jurisdiction may be exercised when the party’s conduct is such that he or she should reasonably anticipate being haled into court in the forum. (WorldWide Volkswagen Corp. v Woodson, 444 US 286.)
The jurisdictional question presented here was addressed by the Seventh Circuit in Froning & Deppe v Continental Ill. Natl. Bank & Trust Co. (695 F2d 289). That case involved forged endorsements on six checks which were cashed at the third-party defendant South Story Bank & Trust in Iowa. South Story remitted the checks to its clearing house in Iowa, from where they were remitted for collection at the third-party plaintiff bank in Illinois.
South Story contested jurisdiction in Illinois on the ground that it had no contacts with the forum. The Seventh Circuit found that "the fundamentals of substantial justice * * * would be offended by basing jurisdiction over a non-resident bank upon the bank’s mere acceptance of a check which indicates on its face its origin in the forum state.” (Froning & Deppe v Continental Ill. Natl. Bank & Trust Co., supra, 695 F2d, at 291-292.) Maintenance of personal jurisdiction would "hinder the underlying policies of the several states which favor the free flow of commerce and of interstate banking transactions in particular.” (Supra, at 294.) Upholding jurisdiction "would have the result of subjecting a bank to suit in any state from which a check cashed by one of its customers might originate, and would more broadly potentially subject anyone who did business with a large national corporation to suit in any state in which the corporation did business, irrespective of the individual’s contacts with that state. Plainly, such a result would wreak havoc upon the orderly conduct of interstate business.” (Supra, at 294.)
New York courts have refrained from exerting jurisdiction in similar situations. For instance, in Favarelli v Bankers Trust *345 Co. (85 AD2d 335, 339), the defendant’s only connections to New York, were the transmittal of documents calling for payment on a letter of credit and the maintenance of correspondent accounts with three or four banks in New York City. The First Department found that such contacts did not reach a sufficient level of activity in New York to subject the defendant to jurisdiction in New York.
In Hubbard, Westervelt & Mottelay v Harsh Bldg. Co. (28 AD2d 295, 296), the First Department declined to exercise jurisdiction over a foreign corporation with respect to an action on a note which was executed in Arizona but was payable to the plaintiff in New York, with some payments having already been made in New York. The Court found that the defendant had not transacted any business in New York and had committed no purposeful acts in New York. (Supra, at 297.)
Here, the facts do not indicate that Intercontinental is engaged in any business activities in New York sufficient to satisfy the requirements of CPLR 302. Intercontinental has no office or place of business in New York and does not own any real property within New York. Intercontinental’s sole contact with New York is that it placed a check into the usual channels for collection and the check made its way to New York because Zurich’s bank was located there. This does not constitute conduct from which Intercontinental should reasonably anticipate being haled into court in New York. (See, WorldWide Volkswagen Corp. v Woodson, 444 US 286, supra.)
Citibank argues that Intercontinental is collaterally estopped from litigating this jurisdictional question because it unsuccessfully litigated the issue once before. Citibank relies on Bankers Trust Co. v Suarez (526 F Supp 1262), decided in 1981 by Judge Brieant in the Southern District of New York. There, Bankers Trust sought to recover payment from Intercontinental on an altered check which should have been payable for $18.75 but instead was paid in the amount of $187,500. Intercontinental had received the check, endorsed it and forwarded it to its agent, Citizens and Southern Bank, with the intention that it be placed in the normal banking channels for payment in New York. (Bankers Trust Co. v Suarez, 526 F Supp, supra, at 1263.) The court found that "[t]his purposeful and foreseeable activity of the agent in New York is sufficient to subject the principal to personal jurisdiction in New York for an action arising out of the activity of the agent.” (Supra, at 1263.) The court did not cite any New York cases supporting this conclusion.
*346 Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same.” (Ryan v New York Tel. Co., 62 NY2d 494, 500.) "What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding.” (Supra, at 500.) The issue "must be the point actually to be determined in the second action or proceeding such that 'a different judgment in the second would destroy or impair rights or interests established by the first.’ ” (Supra, at 501.)
Here, the issue in question is not identical to the one decided in Suarez (supra) because there is no agency relationship alleged at bar. Therefore, Intercontinental is not collaterally estopped from litigating the issue again. Moreover, to the extent plaintiff relies on Suarez as precedent to extend jurisdiction so that it applies to the facts at nand, this court declines to follow it for the reasons noted earlier in the discussion of the merits. Accordingly, it is ordered that the motion to dismiss for lack of personal jurisdiction is granted and the complaint is dismissed.