**Bruce FLANAGAN; Joan Flanagan, Plaintiffs–Appellants,**

v.

**Howard ARNAIZ; Helen Rae Byrnes; Patricia A. Carson; Clyde C. Cournale; Roy M. Guinnane; Sidney Lewin; Smith Ketchum, III; Joseph Moore; Shirley Talbot, Defendants–Appellees.**

No. 96–16694.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1997.

Decided May 6, 1998.

Bruce Flanagan, Tracy, California, for plaintiff-appellant Joan Flanagan.

Philip W. Coyle, Truckee, California, for plaintiff-appellant Bruce Flanagan.

William M. Goodman, Topel & Goodman, San Francisco, California, for defendants-appellees Howard Arnaiz, Clyde Cournale, and Roy Guinnane.

Bruce M. Lubarsky, Jackson & Lubarsky, San Mateo, California, for defendants-appellees Sidney M. Lewin, Joseph Moore, and Shirley Talbot.

Joel K. Belway (briefed), San Rafael, California, for defendant-appellee Smith A. Ketchum, III.

Before: PREGERSON, NOONAN and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The issue in this case is whether a federal district judge could properly enjoin state proceedings, where settlement of a lawsuit in federal court had included express retention of jurisdiction to resolve disputes arising under the settlement agreement.

## FACTS

The facts in this case are exceedingly complicated. But the law is clear, and application of the law to the facts is equally clear. The district judge was rightfully exasperated by the Flanagans' use of the factual complexity as an excuse to dance back and forth between federal and state courts.

The Flanagans were founders and substantial shareholders in Pacific Coast Savings and Loan Association. The regulatory agency directed the bank to get Mr. Flanagan out of its affairs. Mr. Flanagan challenged the regulatory action, and the actions by the bank's board of directors to oust him. The bank and several of its directors counterclaimed. This lawsuit was settled. The parties entered into a complex settlement agreement (43 pages plus signature pages) of the claims and counterclaims, subject to court approval.

Complexity could not be avoided, because disentangling the Flanagans from the bank would necessarily take time and involve complex accounting judgments. All the Flanagans' stock in the bank would have to be repurchased. That could not be done simply, by purchasing the stock with a note, because the stock was worth too much. Had it been bought all at once, the bank's capital would fall too low to satisfy regulatory requirements. The settlement agreement therefore provided that repurchase would be subject to such delays as might be necessary to keep the bank's capital sufficiently unimpaired as to satisfy regulatory agencies.

Various other details also were prospective and might require future court supervision. For example, the Flanagans were to repurchase stock they had sold to other individuals, and then the bank was to repurchase it from the Flanagans. The bank was to try to get the Flanagans an extension on a delinquent loan.

The parties provided for the possibility of future disputes regarding the settlement agreement and the need for judicial resolution. They agreed that the United States District Court for the Northern District of California should retain jurisdiction for purposes of resolving future disputes. The district judge signed a "Stipulated Order" approving the settlement agreement. The order included an express provision retaining jurisdiction to resolve disputes and enforce the settlement agreement:

> 7. The Court shall retain jurisdiction of this action for purposes of resolving any disputes that may arise in the future regarding the settlement agreement, its terms or the enforcement thereof.

A materially identical provision was included in the judgment.

A little less than a year later, the Flanagans sued several of these federal defendants they had settled with in state court, for breaching the settlement agreement. They claimed in the Superior Court for the State of California that defendants had "juggled the books" and mismanaged the business "so as to provide a disingenuous excuse" for the bank not to repurchase their stock, and caused the bank to fail so that the stock became worthless. The Flanagans attached a copy of the federal settlement agreement to their state court complaint, as the contract which defendants had allegedly breached.

The state court stayed the lawsuit so that the federal district court could determine whether to resolve the matters. The state court determined that the acts alleged in the state lawsuit "are matters that fall within the reservation of that [the federal] settlement agreement." The Court of Appeal for the State of California affirmed, noting the express reservation of jurisdiction in the federal judgment, and stating the decision was an appropriate exercise of discretion in view of "the strong policy of comity."

The federal district court subsequently issued an order allowing the Flanagans to file a supplemental complaint alleging violation of the settlement agreement. The district court dismissed on the pleadings, concluding that all the claims were barred by applicable statutes of limitations. The Flanagans appealed, and we affirmed in part and reversed in part in an unpublished disposition. Though we affirmed most of the district court's determinations, we reversed the dismissal of the Flanagan's breach of contract claim, on the ground that the face of the complaint alleged a date for accrual of that cause of action that was within the limitations period. We held that the Flanagans were not entitled to equitable tolling of the limitations period from the time they filed their lawsuit in state court because the federal court's retention of jurisdiction to enforce the settlement agreement made it unreasonable for them to sue in state court:

> Filing in state court, however, was unreasonable in light of the federal district court's explicit retention of jurisdiction. The Flanagans cannot prevail on the equitable tolling issue because the record exposes their state court filing as patently unreasonable.

*Flanagan v. Federal Sav. and Loan Ins. Corp.*, No. 94–16965, April 4, 1996, at 13 (unpublished memorandum disposition).

We remanded a portion of the breach of contract claim. All that was left of the statute of limitations issue was whether that portion of the claim accrued within the limitations period. The district court issued an order allowing discovery only on that point, and requiring the parties to meet and confer regarding a settlement plan. A trial date was set.

But the Flanagans tried again to slip into state court. They filed a motion to lift the stay in the state superior court. The defendants moved in federal district court for an order enjoining the Flanagans from proceeding in state court. It is at this point that the case at bar starts.

The federal district judge, noting that Mr. Flanagan had "made it very difficult for the court to maintain its control and management of the case," granted a permanent injunction against pursuing the dispute in state court:

> All right, now, Mr. Flanagan, you've made it very difficult for the court to maintain its control and management of the case, inasmuch as the court has stated, as clearly as

can be, and is in accord with three other courts, that this court has exclusive jurisdiction, and that being the case, I'm going to enter an injunction, and I'm ordering that the Flanagans are permanently enjoined from pursuing or attempting to pursue in any manner their action filed in the Superior Court of the State of California, case number 923988, and that the Flanagans are permanently enjoined from filing any action in the courts of any state which implicitly or explicitly alleges a breach of the settlement agreement in this case, which was approved by this court by a stipulated order, October 20, 1988;

And third, I'm ordering you to withdraw your motion to vacate the stay of proceedings to amend the complaint and specially set a trial setting conference, which was filed in the Superior Court in the 923988 case, which is currently set for hearing August 22nd at 9:30;

And fourth, I order the Flanagans to file in the San Francisco County Superior Court, and serve on all parties, a notice of withdrawal of that motion.

And finally, within ten days of the filing of this order, the Flanagans shall file in this court and serve upon the parties a declaration, executed by the attorneys for the Flanagans, stating they have filed the aforementioned notice of withdrawal of motion in the Superior Court; and I want a copy of the notice bearing the file stamp.

And I'll have no more of this. This is it. The law [argued by Flanagan] is inexcusably wrong. It's almost subject to a question of competence to appear in the United States District Court, and in addition to that, it flies in the face of not only the original order of this court, which has been affirmed by three other courts, but also the order of this court, and I'm not in the habit of having anybody who's under an order in this court disobeying it.

And if I find this order that I've just read to you—and you get an original copy of it, but it's an order in effect right now— if I find that that order is violated in any way, I shall proceed to see that the matter is handled appropriately by you, and you'll be facing a substantial fine and/or spending some time in Pleasanton.

The federal litigation on the statute of limitations was of course not over. It was at the discovery stage, and defendants claimed that the Flanagans were in violation of a meet and confer order. The Flanagans appealed the injunction against proceeding in state court, and that is the appeal now before us. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1), and affirm.

## ANALYSIS

The Flanagans argue that: 1) the district court's reservation of jurisdiction was concurrent with state court jurisdiction, not exclusive of it; 2) even if the district court did purport to reserve exclusive jurisdiction, the injunction it issued violated the Anti–Injunction Act; 3) the district court did not give the Flanagans adequate opportunity to do discovery and litigate the propriety of the injunction.

1. Exclusive jurisdiction.

 Enforcement of a settlement agreement "is more than just a continuation or renewal of jurisdiction, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673, 1675–76, 128 L.Ed.2d 391 (1994). Such a basis for jurisdiction may be furnished "by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381, 114 S.Ct. at 1677. In the case at bar, the district court made exactly the sort of express provision described by *Kokkonen,* so the district court had jurisdiction to enforce the settlement agreement. *Cf. Ortolf v. Silver Bar Mines,* 111 F.3d 85 (9th Cir.1997).

 The Flanagans apparently do not contest that the district court had jurisdiction. Their argument is that because the district court did not expressly state that its continuing jurisdiction was "exclusive," it was not, and the state court had concurrent jurisdiction to enforce the federal court settlement.

The Flanagans cite cases involving forum selection clauses of private contracts, such as *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir.1987), for the proposition that if the word "exclusive" is not used, then designation of a forum leaves concurrent jurisdiction in others. That proposition, whether correct or not, has little relevance, because a court order exercises judicial authority, while a forum selection clause in a private contract does not. The context of the retention of jurisdiction, a provision for future enforcement of a settlement order, implies that the retention was meant to be exclusive.

The Second Circuit and the Eleventh Circuit have ruled upon similar language that did not include the word "exclusive," and have held that the language amounted to retention of exclusive jurisdiction to enforce a judgment. *United States v. American Soc'y of Composers (In re Karmen)*, 32 F.3d 727, 731–32 (2d Cir.1994); *United States v. American Soc'y of Composers*, 442 F.2d 601, 603 (2d Cir.1971); *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 880–81 (11th Cir.1989). The reason why exclusivity is inferred is that it would make no sense for the district court to retain jurisdiction to interpret and apply its own judgment to the future conduct contemplated by the judgment, yet have a state court construing what the federal court meant in the judgment. Such an arrangement would potentially frustrate the federal district court's purpose. *See American Soc'y of Composers*, 32 F.3d at 731–32. It would also impose an uncomfortable burden on the state judge, to determine what the federal judge meant.

We do not mean to exclude the possibility that in some circumstances, the words, context, or subsequent order of the federal court might show that retention of jurisdiction was not intended to be exclusive. But in this case, all those factors, as well as the authority cited from other circuits, establish that it was.

2. Anti–Injunction Act.

■ The Flanagans' argument that the Anti–Injunction Act bars the injunction is mistaken, because this case falls within its express exceptions. The statute prohibits a federal court from enjoining proceedings in a state court unless one of its exceptions applies:

**Section 2283. Stay of State court proceedings**

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

■ Where the district court expressly retains jurisdiction to enforce a settlement agreement, and to resolve disputes that may arise under it, litigation in state court "would pose a significant risk of frustrating the district court's jurisdiction over the consent judgment." *United States v. American Soc'y of Composers (In re Karmen)*, 32 F.3d 727, 731 (2d Cir.1994). For this reason, injunctions have been approved under the second and third exceptions, "necessary in aid of its jurisdiction," and "to protect or effectuate its judgments." *United States v. American Soc'y of Composers*, 442 F.2d 601, 603 (2d Cir.1971); *see also Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 880–83 (11th Cir.1989). We agree with the Second and Eleventh Circuits.

■ The two exceptions both allow federal courts to enjoin state courts in cases where "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970). Injunctions must be denied when they are sought for impermissible purposes, such as "an attempt to seek appellant review of a state decision in the federal district court." *Id.* at 293, 90 S.Ct. at 1746; *see also Blalock Eddy Ranch v. MCI Telecomm. Corp.*, 982 F.2d 371, 375–76 (9th Cir.1992).

The case at bar is squarely within the express exceptions in the Anti–Injunction

Act. The case at bar involves an entirely unjustified attempt by the Flanagans to evade their own agreement, incorporated in a court order and judgment, to submit disputes and enforcement proceedings regarding their settlement to the federal district court. Indeed, we have already held, in our previous unpublished disposition, that filing in state court "was unreasonable in light of the federal district courts' explicit retention of jurisdiction." *Flanagan v. Federal Sav. and Loan Ins. Corp.*, No. 94–16965, April 4, 1996, at 13 (unpublished memorandum disposition).

■ The third exception is generally known as the "relitigation exception" because it is "designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147, 108 S.Ct. 1684, 1690, 100 L.Ed.2d 127 (1988). That exception obviously justifies the district court enjoining the state trial court from consideration of those claims we dismissed in our April 4, 1996 unpublished memorandum disposition, and which the Flanagans tried to bring before the state trial court as part of an amended complaint by a motion dated August 22, 1996. We agree with the Second and Eleventh Circuits that the third exception, "to protect or effectuate its judgments," also applies where, as here, the district court has expressly retained jurisdiction to construe and enforce a settlement agreement. *See Battle*, 877 F.2d at 882–883; *American Soc'y of Composers*, 442 F.2d at 603.

3. Fair opportunity to litigate.

■ The Flanagans argue that the injunction was improper, because it was issued on shortened time and after a limitation of discovery to statute of limitations issues. Their argument is frivolous.

The case had already gone up on appeal, and we had affirmed dismissal of everything but the contract claim, as to which the statute of limitations issue was critical. That justified the limitation of discovery. The limitation of discovery did not unfairly prevent the Flanagans from defending against the injunction.

The Flanagans' shortened time argument is sheer effrontery, because they created the emergency that required shortened time. They violated the district court's order to participate in the discovery and case management conference, and filed a motion in state court to revive the litigation there. The defendants were faced with an emergency, of either immediately getting a federal court order to stop the Flanagans from proceeding in state court, or else bearing the considerable burden of opposing the motion in state court. Because of the complexity of the facts in this case, any motion would require a great deal of work by court and counsel to refresh their recollection of what was going on and what should be done about it.

AFFIRMED.