**E.I. du PONT de NEMOURS and COMPANY, Plaintiff,**

v.

**ANDRAEA PARTNERS, et al., Defendants.**

**No. CIV. 99–00750 ACK.**

United States District Court, D. Hawaii.

June 27, 2000.

John R. Lacy, Goodsill Anderson Quinn & Stifel, Honolulu, HI, Warren Price, III, Price Okamoto Himeno & Lum, Honolulu, HI, A. Stephens Clay, William H. Boice, James F. Bogan, Kilpatrick & Cody, Atlanta, GA, for plaintiff.

Melvin Y. Agena, Honolulu, HI, Mark B. Hutton, Hutton & Hutton, Wichita, KS, Daniel W. Sigelman, Kellogg Saccoccia & Sigelman, Atlanta, GA, for defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

KAY, District Judge.

### BACKGROUND

This case stems from a number of underlying lawsuits that were filed by the Defendants in this case, allegedly in violation of a settlement agreement between Defendants and E.I. du Pont de Nemours and Company ("Plaintiff"). The following facts are taken from Plaintiff's Complaint. The facts are, at this point, of course, simply allegations. For purposes of this opinion, however, the Court must assume them to be true.

Defendants, too numerous to list, filed lawsuits ("the Underlying Lawsuits") against Plaintiff and others in 1992 and 1993, in Hawaii State Court, asserting products liability and other claims relating to the fungicide Benlate®. Defendants were farmers and growers who used the DuPont fungicide in their growing practices. The cases eventually settled. Attorneys Kevin A. Malone, Judith Pavey, and Howard Glickstein represented a number of Defendants in the Underlying Lawsuits, and entered into settlement agreements in 1994. Defendants Flowers, Inc., Mark C. Willman d/b/a Hawaii Orchids, and James McCully also entered into settlement agreements in 1994 or 1995. All of the settlement agreements are substantially similar.

The settlement agreements contain language releasing Plaintiff from any claims relating to the underlying dispute.[1] Fur-

---

1. Specifically, the Malone and McCully Settlement agreements both stated that those Defendants desired to "release and dispose of all claims against [Plaintiff] and all claims incident thereto against [Plaintiff], thereby finally disposing of same, and to give assurance that [Defendants] will not hereafter prosecute such claims or cause them to be prosecuted." Compl. ¶ 23.

The Pavey/Glickstein and Willman Settlement agreements contains similar language, stating that those Defendants desired to "release and dispose of all claims against [Plaintiff], thereby finally disposing of same, and to give assurance that [Defendants] will not hereafter prosecute such claims or cause them to be prosecuted."

*Id.* at ¶ 24. The contracts further provide that each of those Defendants release Plaintiff from "any and all causes of action, claims, demands, actions, obligations, damages, or liability, which [Defendants] asserted or which could have been asserted against [Plaintiff] in the Action." *Id.* ¶ 29.

The Malone and McCully Settlement agreements contained the following release clause: [A]ny and all causes of action, claims, demands, actions, obligations, damages, or liability, whether known or unknown, that [Defendants] ever had, now has, or may hereafter have against [Plaintiff], by reason of any fact or matter whatsoever, existing or occurring at any time up to and including the date this

thermore, each of the Defendants agreed to indemnify and hold Plaintiff harmless from and against:

> [A]ny and all claims, including all claims for court costs and attorney's fees, asserted against [Plaintiff], contrary to the provisions of this Release, as a result of or in connection with any action or other proceeding brought by or prosecuted for the benefit of [Defendant], or by any person making a claim by, through or under [Defendant] or as a result of any sale, assignment, transfer, conveyance or other disposition of [Defendant's] claims. A claim shall be deemed to have accrued under this agreement of indemnity immediately upon the commencement of any such action or other proceeding, and in such even [sic], this Release may be pleaded as a full and complete defense thereto, as the basis for an abatement of or injunction against said action or other proceedings, and as the basis of a counterclaim or cross-claim for damages therein.

*Id.* ¶ 32.

Plaintiff asserts that all parties intended the settlement agreements to bar, release and preclude any further litigation of any and all claims, including any relating to Plaintiff's discovery responses; fraud; concealment and discovery abuse; and claims relating to spoliation of evidence, fraudulent

misrepresentation, negligent misrepresentation, non-disclosure, intentional interference with prospective economic advantage, civil conspiracy, violation of constitutional rights, and exemplary damages ("Settlement Fraud Claims"). *See id.* ¶ 45. Plaintiff further contends that the release from such claims was a fully informed decision, because at the time of the execution of the Contracts, Defendants had not completed discovery, and there were similar Benlate® cases against Plaintiff in which disputes, allegations and accusations about Plaintiff's discovery and other litigation conduct had been made. *See id.* ¶ 44.

After execution of the settlement agreements, all of the Defendants dismissed the Underlying Actions by "Stipulation for Dismissal With Prejudice of All Claims and Parties," each of which expressly provided that "[t]here are no remaining parties and/or issues." *Id.* ¶ 37. The stipulations contained the following language: "[N]otwithstanding the dismissal with prejudice of this action, this Court shall retain jurisdiction to resolve any disputes amongst the parties relating to this action, including, but not limited to, disputes arising out of its settlement." [2]

Defendants subsequently filed an action in Hawaii State Court against Plaintiff: *Exotics Hawaii Kona, Inc., et al. v. E.I. du Pont de Nemours and Co., et al.,* Civ. No. 97–103K

---

Release is signed (including, but not limited to, the claims asserted and sought to be asserted in the Action).
*Id.* ¶ 26. The McCully Contract additionally contained the following language: "[McCully] acknowledges and agrees that this is a full, final and complete release of any and all claims whatsoever of any kind or character which [McCully] has or may have against [DuPont]." *Id.* ¶ 28. The Contract further provides the following covenant not to sue:

> [McCully] covenants that [McCully] will not commence, prosecute, or permit to be commenced or prosecuted against {DuPont] any action or other proceeding based upon or in any way related to any facts or matters whatsoever, causes of action, claims, demands, actions, obligations, damages, or liabilities which are the subject this [sic] Release.

*Id.* ¶ 31.
The Malone, Pavey/Glickstein, and Willman Settlement agreements contained the following covenant not to sue:

> [Defendant] covenants that [Defendant] will not commence, prosecute, or permit to be

commenced or prosecuted against [Plaintiff] any action or other proceeding based upon or in any way related to any causes of action, claims, demands, actions, obligations, damages, or liabilities which are the subject of this Release.

*Id.* ¶ 30.

**2.** Plaintiff does not make this allegation in its Complaint; rather, Defendants have requested that the Court take judicial notice of the records and files in the related cases and proceedings. The Court notes that all of the stipulations are not in the record.

Plaintiff contends that fifty-two of the Defendants are parties to stipulated dismissals that were not judicially acknowledged; seven of the stipulations were stamped "Approved" or "Approved and So Ordered" and signed by the court.

Plaintiff states, in its Opposition, that five of the Defendants filed their Underlying Lawsuit in the Kona Division of the Third Circuit. Forty-five Defendants filed in the Hilo Division, and the remaining nine Defendants filed in Honolulu, in the First Circuit Court of the State of Hawaii.

(Haw.3d Cir. Ct.) (the *"Exotics* State Court Action"), in the Third Circuit.[3] Defendants asserted Settlement Fraud Claims, alleging that Plaintiff's purported failure to make disclosures and provide discovery in various Benlate® cases, including those in Hawaii State Court, defrauded Defendants into settling for less than fair value. Defendants' First Amended Complaint, filed in state court on January 6, 2000, does not tender or offer to tender the settlement amount back to Plaintiff.

Plaintiff filed a Complaint with this Court on October 28, 1999, and a First Amended Complaint on February 7, 2000, seeking, inter alia, damages and an injunction prohibiting Defendants from pursuing the state action in violation of the settlement agreements. Plaintiff alleges that Defendants' Settlement Fraud Claims are barred by the Settlement Documents, and Defendants knew or should have known of the discovery abuse claims made in other Benlate® cases prior to the execution of the Settlement agreements. Plaintiff further asserts that Defendants' claims are barred by Hawaii's one-year statute of limitations. *See id.* ¶ 101. Plaintiff asserts the following causes of action: (1) breach of contract (breach of the covenants not to sue and other provisions of the settlement contract), seeking damages and indemnification; (2) specific performance requiring Defendants to terminate their initiation and prosecution of their claims in the *Exotics* State Court Action and of any other Settlement Fraud Claims against Plaintiff; (3) a permanent injunction enjoining Defendants from initiating or prosecuting such claims; (4) reformation of the Settlement Contracts due to mutual or unilateral mistake; (5) restitution of the amount of the full settlement paid by Plaintiff to Defendants, with interest.

On April 27, 2000, Defendants filed, under seal, a Motion to Dismiss Plaintiff's First Amended Complaint. Defendants argue that this Court must dismiss Plaintiff's claims be-

**3.** Counsel for Defendants initially sought to file this case as a class action. DuPont subsequently removed the action from state court, but it was later remanded (on two separate occasions, both by Judge Ezra) for lack of subject matter jurisdiction. Class certification was denied, but Defendants were allowed to join additional party plaintiffs (thus joining all Defendants in the state court action). In joining the additional party plaintiffs, the state court plaintiffs waived the venue provision contained in the stipulations for dismissal:

> On information and belief, the Joinder–Plaintiffs will expressly waive that venue designation at the time of their entry of appearance in this litigation. DuPont has previously argued to the Court that joinder is practicable -equivalent to a representation that venue in this Court is available, or conversely, that DuPont will not seek to enforce the designation of venue to the jurisdiction of the Hilo Court.

Pl's Mem. Opp., Ex. D. The state plaintiffs subsequently succeeded in joining that action, waiving the forum selection clauses. Further, DuPont stipulated to the joinder of additional parties on November 22, 1999.

DuPont filed a separate action in federal court against Exotics Hawaii Kona, Inc. ("Exotics"), Chiaki Kato, and Harvey Tomono, alleging that they had breached their individual settlement agreements with DuPont by filing the state court action. *See DuPont v. Exotics*, Civ. No. 97–01185 DAE. Exotics, Kato, and Tomono filed a motion to dismiss for lack of personal jurisdiction and improper venue, arguing that the settlement agreement provided exclusive jurisdiction in the Third Circuit, State of Hawaii. Judge Ezra determined that the forum selection clauses were permissive. *See* Order Denying Def. and Counterpl.'s Mot. to Dismiss, Civ. No. 97–01185 DAE, issued 4/23/98. This case is currently pending before Judge Ezra.

In a similar case, *Fuku-Bonsai, Inc. v. E.I. du Pont de Nemours and Co.*, Civ. No. 97–716 SPK, Judge King held that an identical forum selection clause contained in a stipulation for dismissal was permissive, as it did not contain explicit language mandating jurisdiction in state court. In that case, the plaintiffs filed an action in the Circuit Court of the Third Circuit, State of Hawaii, which Du Pont removed to federal court. Judge King denied Plaintiff's Motion to Remand and Motion for Reconsideration. *See* Order Denying Pl.'s Mot. for Recons. of Order Denying Pl.'s Mot. for Remand, Civ. No. 97–716 SPK, issued October 10, 1997.

Subsequently, Judge King ruled that the release language in the settlement agreement barred Fuku-Bonsai's claims. The Ninth Circuit reversed, based on an interpretation of Delaware law. *See Fuku-Bonsai, Inc. v. E.I. Du Pont*, 187 F.3d 1031 (9th Cir.1999). The Ninth Circuit specifically noted that the denial of Fuku-Bonsai's motion to remand was not on appeal:

> Defendants removed plaintiffs' action, originally filed in Hawaii state court, to federal court. The district court denied plaintiffs' motion to remand, finding that plaintiffs had fraudulently joined the only Hawaii defendant. That decision is not on appeal in this case.

*Id.* at 1032 n. 1.

cause the Third Circuit Court of Hawaii has exclusive jurisdiction over controversies involving the Settlement agreements, due to the mandatory forum selection clause contained in the stipulations for dismissal.

Plaintiff filed an Opposition under seal on June 11, 2000, arguing that the forum selection clauses are permissive, rather than mandatory. Plaintiff further argues that the forum selection clauses were not intended to apply to the parties' current controversy; moreover, Defendants have waived and are estopped from asserting any right to seek enforcement of the forum selection clauses by virtue of their words and conduct in related litigation between the parties.

Defendants filed a Reply under seal on June 8, 2000, arguing, inter alia, that the stipulated dismissals amounted to court orders retaining jurisdiction, and under *Flanagan v. Arnaiz*, 143 F.3d 540 (9th Cir.1998), provide for exclusive jurisdiction in the state court. Defendants also argued that Plaintiff should be estopped from claiming that the stipulations were not trial court orders. Defendants further claim that the clauses are mandatory and the decisions of Judges King and Ezra ruling otherwise are not binding on this Court.

The Court heard oral arguments on June 19, 2000.

### STANDARD

#### Motion to Dismiss

■ Under Rule 12(b)(6), in determining whether a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini*, 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir.1986). Thus, the complaint must

stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri*, 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. *Id.*

■ A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the Complaint, such as lack of jurisdiction or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice*, ¶ 12.07 at 12–68 to 12–69 (2d ed.1991 & supp. 1191–92) (citing *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)) (emphasis added).

### DISCUSSION

■ Defendants argue that under Ninth Circuit case law, this Court must dismiss the present action. Specifically, Defendants contend that under *Flanagan v. Arnaiz*, 143 F.3d 540 (9th Cir.1998), this Court must find the forum selection clause mandatory, as it is contained in a judicial order, and dismiss the instant case.[4]

---

4. Defendants also argue that the case must be dismissed pursuant to the unpublished decision *Murakami v. E.I. DuPont De Nemours and Co.*, 191 F.3d 460, 1999 WL 701902 (9th Cir. Sept. 9, 1999). In *Murakami*, the Ninth Circuit noted, in dicta, that a forum selection clause identical to

the one at hand "arguably preserved exclusive jurisdiction in the Hawaii state court." *Murakami*, 1999 WL 701902, at *3. The facts in that case were similar to those in the instant case: plaintiffs were commercial growers and nurseries in Hawaii whose plant had allegedly been

The Court will not reach the merits of Defendants' argument,[5] as Defendants have waived their right to seek exclusive jurisdiction in the Third Circuit. Defendants expressly waived the venue designation in their Motion to Join Additional Party Plaintiffs, filed in the Third Circuit of Hawaii, on October 25, 1999, in the related action.[6] *Cf. Helfand v. Gerson*, 105 F.3d 530, 534–35 (9th Cir.1997) (discussing doctrine of judicial estoppel, which "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position" and applies to a party's stated position, "regardless of whether it is an expression of intention, a statement of fact, or a legal assertion"). Defendants, after expressly waiving these clauses in a related action, cannot now argue that the clauses are exclusive and the instant action may only be brought in the Third Circuit of Hawaii, when Defendants themselves waived this clause in a related action.

The Court is not convinced by Defendants' unsupported argument that they only waived venue, and not federal jurisdiction. The par-

damaged or destroyed by DuPont's fungicide Benlate®. Plaintiffs had sued DuPont in the early 1990s, and in 1994, before DuPont's discovery fraud was uncovered, settled their claims, signing a Stipulation of Dismissal containing a forum selection clause retaining jurisdiction in the Third Circuit Court of the State of Hawaii over disputes arising out of the settlement. Plaintiffs subsequently sued DuPont in Hawaii state court alleging fraudulent inducement. DuPont removed the action to federal court, but the action was later remanded for lack of complete diversity and was pending in state court. Plaintiffs then sought in Hawaii state court an order to show cause why DuPont and Goodsill, its local counsel, should not be held in contempt for removing the fraudulent inducement action to federal court in violation of the forum selection clause in the parties' Stipulation of Dismissal. DuPont then removed that action to federal court on the theory that Goodsill, a Hawaii resident, had been fraudulently joined to destroy complete diversity. The district court, per Judge Ezra, dismissed the claims with prejudice, finding the forum selection clause permissive, not mandatory. Plaintiffs appealed this decision to the Ninth Circuit, which reversed, holding that because the forum selection clause arguably preserved jurisdiction in the Hawaii state court, defendants did not prove fraudulent joinder, and the district court did not have subject matter jurisdiction to render a decision on the merits. The Ninth Circuit thus reversed and remanded with instructions to dismiss without prejudice.

Defendants contend that *Murakami* is binding on this Court, requiring the instant action to be dismissed. The Court first notes that the Ninth Circuit did not even reach the issue whether the forum selection clause preserved exclusive jurisdiction in the Hawaii state court, as it determined that the district court was without subject matter jurisdiction.

The Court also notes that the Ninth Circuit stated that "whether the Stipulation applied at all or whether it was permissive or mandatory should have been decided by the courts of Hawaii." The court did not cite any authority for this proposition, however, which appears contrary to the Ninth Circuit's decisions in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir.

2000) and *Pelleport Investors, Inc. v. Budco Qual. Theatres, Inc.*, 741 F.2d 273 (9th Cir.1984).

5. The Court notes, however, that while Judges Ezra and King held that the forum selection clause at issue is permissive, *see* Order Denying Defendant and Counterplaintiffs' Motion to Dismiss for Lack of Personal Jurisdiction and Venue, filed April 23, 1998, in *DuPont v. Exotics Hawaii Kona, Inc., et al.*, Civ. No. 97–1185; Order Denying Pl.'s Mot. for Recons. of Order Denying Pl.'s Mot. for Remand, Civ. No. 97–716 SPK, issued October 10, 1997, in *Fuku–Bonsai, Inc. v. E.I. du Pont de Nemours and Co.*, Civ. No. 97–716 SPK, these holdings are questionable in light of *Flanagan* and *Murakami*. The court notes that in *Flanagan*, DuPont alleged violations of the settlement provisions, as it does in the instant case, while, in contrast, suits alleging fraud in the inducement, which Defendants assert in the state court action, are permissible separate suits under Delaware law, as such suits are not barred by the provisions in the settlement agreement. *See Matsuura v. Alston & Bird*, 166 F.3d 1006, 1010–1011 (9th Cir.1999); *Fuku–Bonsai, Inc. v. DuPont*, 187 F.3d 1031, 1033–34 (9th Cir.1999); *Murakami*, 1999 WL 701902 at *3. The Delaware Supreme Court has now affirmed earlier Delaware lower court rulings in this regard. *See DuPont v. Florida Evergreen Foliage*, 744 A.2d 457 (Del.1999).

It is also noteworthy that DuPont has raised the same claims in this action that it raised as counterclaims in the ongoing state court proceeding, a proceeding which implicates important state interests, as it raises the issue of fraud on the court. Thus, the same issues and the same parties are present in the state court action.

6. The Court notes that although Defendants did not have to waive venue in order to file their action in the Kona division, *see Matsuura*, 166 F.3d at 1010–1011; *Fuku–Bonsai, Inc.*, 187 F.3d at 1033–34 (9th Cir.1999); *Murakami*, 1999 WL 701902 at *3; *Florida Evergreen Foliage*, 744 A.2d at 465, Defendants nonetheless intended to waive venue, as evidenced by their explicit declaration of such.

ties, in including a retention of jurisdiction clause in the stipulations for dismissal, clearly intended for the court in which they filed the stipulations to retain jurisdiction over disputes arising out of the settlement agreements. Their explicit waiver of the clause in no way evidences an intent to waive only venue. *Cf. Richardson Greenshields Sec., Inc. v. Metz,* 566 F.Supp. 131, 133 (S.D.N.Y. 1983) ("A waiver of objection to venue would be meaningless, however, if it did not also contemplate a concomitant waiver of objection to personal jurisdiction.").

Accordingly, Defendants' Motion to Dismiss is DENIED.

### CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.