Joseph M. MAGNOLIA and John Magnolia, Plaintiffs,

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant.

No. Civ. H–01–1705.

United States District Court, D. Maryland.

Aug. 1, 2001.

Michael P. Darrow, Hillman, Brown & Darrow, P.A., Annapolis, MD, for Joseph M. Magnolia, John Magnolia, plaintiffs.

Glen Keith Allen, James D. Mathias, John R. Wellschlager, Piper Marbury Rudnick and Wolfe LLP, Baltimore, MD, for Connecticut General Life Insurance Company, defendant.

## MEMORANDUM OPINION

ALEXANDER HARVEY, II, Senior District Judge.

On or about May 8, 2001, Joseph M. Magnolia and John Magnolia (collectively the "Magnolias") filed a complaint in the Circuit Court for Anne Arundel County. Named as the sole defendant in that action was Connecticut General Life Insurance Company ("Connecticut General"). The one-count complaint asserted a claim of negligent misrepresentation against defendant Connecticut General. As relief, plaintiffs sought substantial damages.

On June 11, 2001, defendant Connecticut General removed the Magnolias' state court action to this Court pursuant to 28 U.S.C. § 1441, *et seq.* As grounds for removal, Connecticut General has asserted that diversity of jurisdiction exists in this case pursuant to 28 U.S.C. § 1332. Plaintiff Joseph Magnolia is a resident of Washington, D.C., and plaintiff John Magnolia is a resident of Crownsville, Maryland. Defendant Connecticut General is a corporation organized under Connecticut law, with its principal place of business in Connecticut. Damages in excess of $75,000 are sought by the plaintiffs.

Defendant Connecticut General has now filed, pursuant to Rule 12(b)(1), F.R.Civ.P., a motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. In support of that motion, defendant has submitted a memorandum of law and several exhibits. Plaintiffs have filed an opposition to defendant's motion to dismiss, and recently defendant has replied to that opposition.

Following its review of the pleadings, memoranda and other matters of record in this case, the Court concludes that no hearing is necessary for a decision on the pending motion. *See* Local Rule 105.6. For the reasons stated herein, defendant's motion to dismiss for lack of subject matter jurisdiction will be granted.

I

### Background Facts

As alleged in the complaint, the facts are as follows. In December of 1986, Joseph Magnolia and John Magnolia each purchased a life insurance policy from Connecticut General. According to the complaint, plaintiffs were promised at the time of such purchase that the performance of Connecticut General's life insurance policies would produce dividends which would allow for premium refunds substantially in excess of what the Magnolias in fact have received. In their purchases, the Magnolias relied upon the representation by an agent of Connecticut General that they would not have to pay premiums after five years because there would be enough cash value in the policies to sustain premium payments. When Connecticut General purchased the assets and liabilities of Lincoln Financial Corp., the dividends were lowered without notice to the plaintiffs. The Magnolias have continued to make premium payments on the polices and have even been required to borrow against the policies' values to do so. Plaintiffs claim

that they have been significantly damaged by defendant's negligent misrepresentations, and they ask the Court to award damages in the amount of $10,000,000, together with interest and costs.

The complaint notes the pendency of a related class action lawsuit in the United States District Court for the Central District of California entitled *Spitz v. Connecticut General Life Insurance Company*. That class action involved claims against Connecticut General similar to the ones asserted by plaintiffs in this case. That lawsuit has been settled, and the settlement has been approved by the California Court. The Magnolias assert, however, that they never received notice of the pendency of any proposed settlement of that class action suit, and they state that they never had an opportunity to file a claim in that case nor did they receive notice of their right to do so.

## II

### Related Court Proceedings

As disclosed by the record here, there have been in fact two separate related class actions previously brought against Connecticut General. *Spitz, et al. v. Connecticut General Life Insurance Company*, Civil No. 95–3566, was instituted in the United States District Court for the Central District of California. *Novacheck, et al, v. Connecticut General Life Insurance Company*, Civil No. 96–2472 was filed in the United States District Court for the Eastern District of Pennsylvania. Claims similar to those alleged in this case by the Magnolias were asserted by the plaintiffs in the *Spitz* and *Novacheck* actions. Pursuant to an Order of the Judicial Panel on Multidistrict Litigation dated December 9, 1996, those two cases were centralized in the Central District of California pursuant to 28 U.S.C. § 1407 and were docketed as *In re Connecticut General Life Insurance Company Premium Litigation*, MDL No. 1136.

These two class actions were settled in February of 1997. The settlements were approved in a Final Order and Judgment (the "Final Order") entered on February 13, 1997 by Judge Harry L. Hupp in the Central District of California. *Connecticut General Life Insurance Company*, 1997 WL 910387 (C.D.Cal.1997).

## III

### Discussion

Relying on Judge Hupp's Final Order, defendant Connecticut General has moved, pursuant to Rule 12(b)(1), to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. It is argued by defendant that the Magnolias are members of the settlement class in the *Spitz/Novacheck* class action and that their claims have been released pursuant to the Final Order of February 13, 1997. Defendant contends that plaintiffs are barred by the injunction contained in that Final Order from commencing or continuing to prosecute this action. Defendant further maintains that plaintiffs' assertion that the class action settlement is unenforceable as to them on grounds of lack of notice cannot be pursued in this Court, but must be presented to the United States District Court for the Central District of California as provided in the Final Order.

Various provisions of the Final Order are relied upon by defendant. In pertinent part, Paragraph 6 is as follows:

All members of the Settlement Class who have not been excluded from the Settlement Class are, from this day forward, hereby enjoined from:

(a) filing, commencing, intervening, participating as a Class Member in, or continuing to prosecute any lawsuit in

any jurisdiction based on or relating to the Released Claims (as that term is defined in the General Release), . . .

Released Claims are defined in Exhibit A as follows:

"Released Claims" means and includes any other claims (including "Unknown Claims" as defined in § 2, infra), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of contract, breach of fiduciary duty, misrepresentations, deceit or violation of any state or federal statutes by the Company, or its employees and/or agents based upon, related to, or in connection with the marketing, purchase or sale of the CGLIC insurance policies that are the subject of this litigation and which were or could have been alleged in the *Spitz* or *Novacheck* Complaints.

Paragraph 8 of the Final Order, which pertains to the retention of jurisdiction by the California District Court, states:

8. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

According to defendant Connecticut General, these provisions bar plaintiffs from proceeding with their suit in this Court.

In opposing defendant's motion to dismiss, plaintiffs argue that they have the right to present their claims of negligent misrepresentation in this Court because they are not bound by provisions of the Final Order. Plaintiffs apparently recognize that, in the *Spitz/Novacheck* consolidated class action, Connecticut General was charged with misrepresentations in the sales of policies like those purchased by the Magnolias. They have thus not here argued that the claims asserted by them in this case are not "Released Claims" as defined in the Final Order. However, they assert that they never received notice of the commencement of the *Spitz/Novacheck* litigation nor notice of the pendency of the proposed settlement of that consolidated class action. They accordingly argue that the Final Order does not enjoin them from proceeding with their claims in this jurisdiction.

The Court must first consider the relationship between the claims asserted here by plaintiffs and the claims made against Connecticut General in the class action litigation in the Central District of California. The claims made in this case are that defendant made misrepresentations which plaintiffs relied upon in purchasing these two insurance policies. Identical claims were made by plaintiffs in the *Spitz/Novacheck* litigation. Inasmuch as the claims asserted here clearly relate to those involved in the class action litigation, plaintiffs are members of the settlement class in that litigation, and they have, if they received proper notice, been enjoined by the terms of the Final Order from prosecuting this lawsuit in this jurisdiction.

■ The issue presented in this case by plaintiffs is not whether they were members of the class in the *Spitz/Novacheck* action but whether, pursuant to Rule 23(e), F.R.Civ.P., they received proper notice of the settlement of the California litigation and are therefore bound by provisions of the Final Order. When Judge Hupp determined that the *Spitz/Novacheck* litigation should be maintained as a class action, he was required by Rule 23(c)(2) to direct

to the members of the class "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Plaintiffs argue that there was no compliance with this requirement, that a factual issue has been presented and that this issue should be decided by this Court in this case. There is no merit to this contention.

In its Final Order, the United States District Court for the Central District of California retained jurisdiction "as to all matters" relating to the "enforcement and interpretation" of the settlement agreement and the Final Order itself. It is apparent from language of the Final Order that the California Court intended to retain exclusive jurisdiction over issues like the one presented in this case. Assuredly, the California Court rather than this Court is the proper forum for determining whether parties like the Magnolias received proper notice and were therefore bound by the settlement. It would make no sense for the California Court to retain jurisdiction to interpret and apply its own judgment but permit another court to construe what it meant in that judgment. *See Flanagan v. Arnaiz,* 143 F.3d 540, 545 (9th Cir.1998).

Plaintiffs must therefore pursue their suit against Connecticut General in the Central District of California which has retained for itself jurisdiction to determine whether the requirements of Rule 23 have been satisfied. Pursuant to Rule 23(d)(2), it was Judge Hupp who entered appropriate orders in the *Spitz/Novacheck* litiga-

tion setting forth the manner in which notice of the settlement was to be given to members of the class. Since jurisdiction was retained by the California Court as to all matters relating to the administration and enforcement of the Settlement Agreement, it is the California Court which should determine whether the Magnolias received proper notice and whether they are bound by provisions of the Final Order.[1]

▆▆▆ Plaintiffs argue that if their pending complaint is dismissed for lack of subject matter jurisdiction, they will have been denied their due process right to contest the applicability to them of provisions of the Final Order. But no such denial will occur if defendant's pending motion to dismiss is granted. As this Court has here recognized, plaintiffs have the right to present to the California Court their claim that they are not bound by the settlement reached in the *Spitz/Novacheck* litigation. If plaintiffs received actual notice of or were properly apprised of the *Spitz/Novacheck* litigation in some other way, they are barred from pursuing their claim of negligent misrepresentation in this or any other court. On the other hand, if it is determined by the United States District Court for the Central District of California that the Magnolias never received proper notice of the class action litigation and were never notified of their right to opt out of the settlement, then plaintiffs would be entitled to sue Connecticut General in this or any other appropriate jurisdiction.[2]

---

1. Defendant contends that the Magnolias' names were on the mailing list of those who received the *Spitz/Novacheck* notice, that such notice was sent to them by first class mail and that the mailings were not returned as undeliverable. These assertions will not be addressed by this Court. Rather, it will be for the California Court to determine whether

actual notice of the class action settlement was received by the Magnolias, or whether the "best notice practicable" requirement of Rule 23(c)(2) was satisfied in some other way. *See In re Prudential Ins. Co. of America Sales Practices Litig.,* 177 F.R.D. 216, 231 (D.N.J. 1997).

## IV

### *Conclusion*

For all these reasons, this Court concludes that it lacks subject matter jurisdiction and that defendant's motion to dismiss pursuant to Rule 12(b)(1) must be granted, without prejudice to the right of plaintiffs to pursue their claims in the United States District Court for the Central District of California. An appropriate Order will be entered by the Court.

See also 157 F.Supp.2d 596 and 157 F.Supp.2d 607.

**2.** Plaintiffs argue that this Court should at least permit the parties to investigate whether proper notice was received by the Magnolias. However, since this Court does not have subject matter jurisdiction of the dispute between the parties to this action, any such investigation of these facts should be undertaken in the California Court.