**John LORANG et al., Plaintiffs—Appellees,**

v.

**FORTIS INSURANCE COMPANY et al., Defendants—Appellants.**

No. 04–35092.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided June 17, 2005.

Donald L. Harris, Esq., Cozzens Warren & Harris, Billings, MT, for Plaintiffs–Appellees.

Michelle M. Sullivan, Esq., James L. Jones, Esq., Holland & Hart, LLP, Billings, MT, for Defendants–Appellants.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

Defendant Fortis Insurance Company appeals from the district court's denial of its motion to enforce a 1999 Settlement Agreement it signed with Plaintiffs John and Bonnie Lorang. We affirm.

The terms of the 1999 Settlement Agreement were fulfilled completely before Plaintiffs filed their pending case in state court. Defendant paid the agreed sum to Plaintiffs and covered their expenses related to the 1998 replacement socket.

Plaintiffs' state court complaint alleges, in addition to a state statutory claim, a breach of the insurance policy in 2002, not a breach of the 1999 Agreement.[1] For that reason, *Flanagan v. Arnaiz*, 143 F.3d 540 (9th Cir.1998), is distinguishable. The mere fact that the parties contemplated a particular interpretation of their contract, and that Plaintiffs are using that interpretation as evidence of Defendant's alleged later breach of the renewed insurance policy, does not mean that the parties also

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. For example, if Plaintiffs changed insurers in 2002 and the new insurer refused to pay

for the 2002 replacement socket, it would be clear that their claim is under the extant policy, not under the settlement. The analysis is the same here, because the policy was renewed after the 1999 settlement.

contemplated that any future dispute pertaining to after-occurring events would be heard in federal court. The district court is in the best position to interpret its own intentions when it retained jurisdiction "for the *limited* purpose of enforcing" the 1999 Agreement.

Defendant failed to remove the 2002 state court action to federal court, and the district court properly rebuffed its effort to do so by incorrectly invoking the settlement agreement from the prior case.

AFFIRMED.